**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4180**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

LAVON RICHARD CALDWELL,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:12-cr-00248-RDB-1)

———————

Submitted: April 17, 2014          Decided: April 29, 2014

———————

Before KING, SHEDD, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Steven H. Levin, LEVIN & CURLETT LLC, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Paul E. Budlow, P. Michael Cunningham, Assistant United States Attorneys, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On what would have been the fourth day of a jury trial, Lavon Richard Caldwell pled guilty to bank fraud, in violation of 18 U.S.C. § 1344 (2012), and four counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (2012). The district court sentenced Caldwell to ninety-six months' imprisonment. On appeal, Caldwell contends that the district court impermissibly engaged in plea negotiations by insisting that he relinquish his right to file a Freedom of Information Act ("FOIA") request as a condition to the court accepting his guilty plea. Finding no reversible error, we affirm.

Federal Rule of Criminal Procedure 11(c)(1) prohibits the district court from participating in plea negotiations. This prohibition "serv[es] three principal interests: it diminishes the possibility of judicial coercion of a guilty plea; it protects against unfairness and partiality in the judicial process; and it eliminates the misleading impression that the judge is an advocate for the agreement rather than a neutral arbiter." United States v. Bradley, 455 F.3d 453, 460 (4th Cir. 2006) (internal quotation marks omitted).

Because Caldwell did not make this objection in the district court or attempt to withdraw his guilty plea, we review for plain error. Id. at 462. To prevail on his claim that the

2

district court improperly participated in plea negotiations, Caldwell must demonstrate that the court's participation was error, that the error was plain, that the error affected his substantial rights, and "that a refusal to notice the error would seriously affect the fairness, integrity, or public reputation of judicial proceedings."  Id.; see Henderson v. United States, 133 S. Ct. 1121, 1126 (2013) (discussing plain error standard).

Assuming, without deciding, that the district court impermissibly participated in plea negotiations by conditioning its acceptance of Caldwell's guilty plea on his waiver of his FOIA rights and, thus, committed plain error, we conclude that Caldwell has failed to demonstrate that the court's error affected his substantial rights.  A defendant's substantial rights are affected if we determine that the error "influenced [his] decision to plead guilty and impaired his ability to evaluate with eyes open the direct attendant risks of accepting criminal responsibility."  United States v. Goins, 51 F.3d 400, 402-03 (4th Cir. 1995) (internal quotation marks omitted).  In the context of a guilty plea, the defendant must demonstrate that he would not have pled guilty but for the district court's error.  United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009).

Here, Caldwell asserts only that his substantial rights were affected by the district court's error because, but for the court's insistence that he waive his FOIA rights, he "would have been permitted to file such a request." He does not, however, assert on appeal that he would not have entered his guilty plea but for the error, nor is there any indication in the district court's record that he would not have pled guilty but for the error. Thus, Caldwell is not entitled to relief.

Accordingly, we deny Caldwell's motion to file a pro se supplemental brief and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4